Maryann PARTSINEVELOS,
Plaintiff–Appellant,

v.

TROPICAL MACHINES, INC., Frank Massabni, and John and Jane Does, Said Names Being Fictitious and Being Intended to Name Any Other Persons or Entities That Are Plan Sponsors, Plan Administrators, Trustees and/or Fiduciaries of the Welfare Plan Sponsored by Tropical Machines, Inc., Defendants–Appellees.

Docket No. 03–7211.

United States Court of Appeals,
Second Circuit.

Oct. 29, 2003.

Martin Gringer and Joshua A. Marcus, Franklin & Gringer, P.C., Garden City, NY, for Plaintiff–Appellant.

John K. Diviney, Alan B. Pearl & Associates, P.C., Syosset, NY, for Defendants–Appellees.

PRESENT: MESKILL and B.D. PARKER, Circuit Judges, and CHIN,[1]

1. The Honorable Denny Chin, United States District Court for the Southern District of

New York, sitting by designation.

District Judge.

SUMMARY ORDER

Plaintiff–Appellant Maryann Partsinevelos appeals from a February 6, 2003 order of the United States District Court for the Eastern District of New York (William D. Wall, *Magistrate Judge*) granting summary judgment to Defendants–Appellees (collectively, "Tropical") in a suit alleging violations of ERISA §§ 502(c), 502(a)(1)(B), 502(a)(3), and 510, as well as of the New York State Human Rights Law, N.Y. Executive Law § 296 (McKinney 2003). The district court granted Tropical's cross-motion for summary judgment on the ground that Partsinevelos did not qualify as a "participant" under ERISA and therefore lacked standing to bring claims under ERISA.

On appeal, Partsinevelos argues that she is a "participant" within the meaning of ERISA because she was entitled to receive medical benefits beginning the first day of the month following one month of employment pursuant to Tropical's agreement with its insurance provider, MDNY Healthcare, Inc. In addition, she asserts that she would have enrolled in the medical plan but for Tropical's malfeasance.

We find these arguments without merit. Under Tropical's agreement with MDNY Healthcare, employees of Tropical were eligible for coverage upon meeting three conditions: 1) the employee works at least twenty hours a week, 2) the employee has entered into an "eligibility period" which begins on the first day of the month following an employer-imposed waiting period, and 3) the employee works or resides in Nassau or Suffolk counties. Partsinevelos contends that she had met all three conditions, and that she was consequently entitled to vested benefits under the plan. This conclusion, however, does not comport with the express terms of the contract, which requires eligible employees to

apply for coverage by submitting an enrollment form to MDNY. It is not disputed that Partsinevelos never submitted an enrollment form to MNDY. Consequently, she was not enrolled in or entitled to receive medical benefits under Tropical's plan. In other words, she was not a participant in the plan simply by virtue of having been eligible for coverage.

Partsinevelos argues, however, that her failure to enroll in Tropical's plan should be excused by virtue of Tropical's malfeasance. Specifically, she alleges that Tropical affirmatively misrepresented the date of her eligibility—telling her that she was eligible for coverage only after 90 days of employment, whereas the plan required only 30 days of employment. Moreover, she alleges that Tropical failed to provide her with enrollment forms, and terminated her employment after she made inquiries about her eligibility for coverage. Such conduct, Partsinevelos asserts, allows her to achieve participant status under *Mullins v. Pfizer, Inc.*, 23 F.3d 663 (2d Cir. 1994), which held that a claimant has standing under ERISA if she can demonstrate that she would have been a participant in her employer's benefit plan "but for" her employer's misrepresentations.

That test is not met here. Even if Tropical affirmatively misrepresented that Partsinevelos would become eligible for medical coverage after 90 days of employment rather than 30, she failed to produce any evidence to support her claim that she actually relied on such misrepresentation. To the contrary, it is undisputed that she did not take any steps to enroll until a few weeks after the three-month period had expired, notwithstanding her admission that she understood enrollment to be a prerequisite to coverage. Similarly, Partsinevelos failed to produce any evidence to support her assertion that she would have applied for coverage but for Tropical's al-

**784**

leged failure to provide her with enrollment forms. On the contrary, the record indicates that she did not ask for forms or inquire about obtaining insurance until after she became ill. Lastly, Partsinevelos failed to offer any evidence sufficient to create a triable issue of fact over whether Tropical terminated her employment because she made inquiries regarding coverage after she was hospitalized.

The judgment of the District Court is AFFIRMED.